# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY JACKSON, Inmate #14650-057,    ) | |
|        ) | |
|        ) | |
|      Plaintiff,    ) | |
|        ) | |
| vs.    ) | |
|        ) | |
| THE UNITED STATES OF AMERICA,  ) | CIVIL NO. 06-258-MJR |
| ATTORNEY GENERAL GONZALES,  ) | |
| DIRECTOR LAPPIN, M. NALLEY,  ) | |
| WARDEN DAVIS, ASSISTANT  ) | |
| WARDEN KRUGER, THE BUREAU OF  ) | |
| PRISONS, and THE DEPARTMENT OF  ) | |
| JUSTICE,    ) | |
|        ) | |
|      Defendants.    ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a former inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

### FACTUAL ALLEGATIONS

Plaintiff states that he suffers from a mixed psychotic disorder, characterized by hallucinations, paranoia, aggressiveness, social withdrawal, and hyper sexuality.  He is treated with sedatives that decrease his sexual behavior, but the medications are insufficient to properly treat his sexual disorder.  As a result of his continued sexual misbehavior, he is precluded from certain vocational and rehabilitation programs, and potential transfer to a less secure institution.  Plaintiff wishes to be placed in a sex offender treatment program within the Bureau of Prisons.  According to exhibits submitted with the complaint, in 2002, Plaintiff was a candidate and was interviewed for a new sex offender treatment program, but was not chosen  for it.  That program was placed on administrative hold for several years, and Plaintiff was therefore not reconsidered.  Plaintiff argues that the denial of placement in such a program violates the Americans with Disabilities Act, the Rehabilitation Act, and the guarantees of due process found in the Fifth Amendment.

### AMERICANS WITH DISABILITIES ACT

Under Title II of the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  A public entity is defined in the Act as "a state or local government," or any "department, agency, special purpose district, or other instrumentality of a State

or States or local government." 42 U.S.C. § 12132(1). By this definition, the federal government, is excluded from liability under the ADA, as are federal agencies and employees thereof. *See Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2nd Cir. 2000) (federal agency not liable under Title II of the ADA). Accordingly, Plaintiff has failed to state a claim under the ADA.

### REHABILITATION ACT

The Seventh Circuit has held, in a case strikingly similar to the case at bar, that an individual seeking admission to a sex offender treatment program failed to state a claim under the Rehabilitation Act because the Act specifically excludes from its purview individuals suffering from "sexual behavior disorders." *See Stanley v. Litscher*, 213 F.3d 340, 344 (7th Cir. 2000); 29 U.S.C. § 705(20)(F)(I). Based on this holding, Plaintiff here has also failed to state a claim under the Rehabilitation Act.

### DUE PROCESS

It is well settled that there is no property or liberty interest in attending educational, vocational, or rehabilitative courses while in prison. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000); *Stanley,* 213 F.3d at 342; *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). Consequently, Plaintiff has no valid substantive due process claim.

### DELIBERATE INDIFFERENCE

Finally, to the extent that Plaintiff is arguing that denial of participation in the rehabilitation program constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment, that claim also fails. Plaintiff states that he is receiving treatment with medication that does decrease his sexual behavior. That he might wish for another type of treatment is insufficient

to state a claim because mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Even if it did, Plaintiff has not shown how any individual defendant acted with the requisite culpable state of mind required to state a deliberate indifference claim.

> "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). Plaintiff is being treated medically, and was considered for admission to the treatment program. This is not deliberate indifference to his mental health needs.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 5th day of March, 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

- 4 -